HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY as subrogee of TRAILSIDE TOWNHOMES OWNERS ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BROAN-NUTONE LLC,<br><br>　　　　Defendant. | NO. 2:21-cv-01162-RAJ<br><br>ORDER |

## I.　　INTRODUCTION

This matter comes before the Court on Defendant Broan Nu-Tone LLC's ("Broan" or "Defendant") Motion to Extend Filing Deadlines ("Motion for Extension"). Dkt. # 32. Plaintiff Ohio Security Insurance Company ("Plaintiff") opposes the Motion, Dkt. # 38, and Defendant has filed a reply. Dkt. # 43.

Plaintiff's Motion concerns the parties' May 9, 2023 deadline for the filing of dispositive motions and motions challenging expert witness testimony. Dkt. # 25 (Amended Case Schedule). Defendant sought to have the deadline extended from May 9 to May 11, 2023. Dkt. # 32. A jury trial is scheduled to begin on August 7, 2023. Dkt. # 25.

ORDER – 1

## II. BACKGROUND

In October 2020, Plaintiff filed suit in Snohomish County Superior Court alleging that a ventilation fan manufactured by Broan failed, causing a fire at the home of Plaintiff's insured on or about July 20, 2019. Dkt. # 1-3 (Complaint) ¶ 3.1-3.3. The matter was removed to federal court in August 2021. Dkt. # 3. The parties were scheduled to complete discovery by April 10, 2023 and file any dispositive motions and motions challenging expert witness testimony by May 9, 2023. Dkt. # 25. On May 9, Defendant filed a motion (noted that same day) to extend the filing deadline to May 11, 2023, citing their inability to meet this court's meet and confer requirement before the filing of the motion. Dkt. # 32 at 1-2. Alternatively, Defendant sought to have this court waive the meet and confer requirement. *Id.* In any event, out of an abundance of caution, Defendant concurrently filed a Motion for Partial Summary Judgment, Dkt. # 34, and Motion to Exclude Certain Opinions of Plaintiff's Expert. Dkt. # 35. The Motion to Exclude is currently noted for May 26, and the Motion for Partial Summary Judgment is noted for June 2, 2023.

In an attempt to meet and confer, Defendant's counsel reached out to Plaintiff's counsel via email at 12:15 p.m. and via several telephone calls and voicemails on May 9, 2023—the deadline for filing. Dkt. # 33 (Declaration of Alletta S. Brenner ISO Motion for Extension) ¶¶ 3-4, Ex. 1; *see also* Dkt. # 39 (Declaration of Alexis Foster ISO Response to Motion for Extension). At 4:12 p.m., Plaintiff's counsel responded via email that she had been in meetings and was unable to meet and confer that day. *Id.* ¶ 6. Defendant's counsel then followed up with another email attaching the draft motions that were to be filed and requesting that the parties agree to extend the filing deadline if Plaintiff was not available to meet. *Id.* ¶ 5. Defendant's counsel continued to reach out via phone and sent another email at 6:51 p.m., attempting to resolve the issue to no avail. *Id.* ¶ 9. On May 9, Defendant filed the pre-trial motions and the Motion for Extension.

Plaintiff filed a response opposing an extension of the filing deadlines, and

ORDER – 2

1  requesting that 1) the court strike, or in the alternative deny, Defendant's Motion for
2  Extension; and 2) strike the Motion for Partial Summary Judgment and Motion to
3  Exclude, or in the alternative, continue the trial date, issue a case scheduling order, strike
4  the motions' noting dates, and reset the noting dates in accordance with a new case
5  schedule. Dkt. # 38. Plaintiff argues that, should the court not strike Defendant's pre-trial
6  motions, the case schedule must be amended so that Plaintiff has "ample time to respond
7  to the motions, after receipt of the court's ruling on [the Motion to Extend]," and so that
8  the parties may adequately and appropriately prepare for their upcoming trial. *Id.* at 8-9.
9  In reply, Defendant states that the Motion for Extension is now moot. Dkt. # 43. Plaintiff
10 has not filed substantive responses to Defendant's Motion for Partial Summary Judgment
11 or Motion to Exclude.

### III.   DISCUSSION

#### A. Defendant's Motion for Extension

This Court expects parties to engage in a meet and confer prior to the filing of *any* motion, except applications for temporary restraining orders. *See* Honorable Richard A. Jones, General Motions Practice.[1] The Court's directive is clear: the parties must discuss the substantive grounds and possible resolution for any motions, and "[h]alf-hearted attempts at compliance with this rule will not satisfy counsel's obligation." *Id.* The Court may strike any filings not in compliance with this rule. *Id.* Additionally, this Court cautions parties to file motions to extend deadlines "well in advance" of the deadline. *Id.*

Defendant's counsel failed to meet these requirements. Instead, counsel waited until the last minute to reach out to Plaintiff's counsel to discuss the upcoming filings. Although counsel states that they made "multiple attempts to confer with Plaintiff's counsel prior to the filing deadline, even sending copies of the motions at issue," Dkt. # 43 at 6, the record demonstrates that these efforts all occurred on the date of filing. Dkt. #

---

[1] Available at: https://www.wawd.uscourts.gov/sites/wawd/files/General%20Motions%20Practice%20%28Civil%29.pdf

ORDER – 3

33 ¶¶ 3-9. This half-hearted attempt to comply with this Court's rules has led to extensive motion practice that takes up the Court's (and the parties') time on the eve of trial. Further, Defendant provides no explanation for their dilatory conduct, but the docket reflects that Defendant can move efficiently when necessary. Indeed, Defendant was able to draft, file, and serve the Motion for Extension in less than a day. With proper diligence, Defendant's counsel could have reached out to Plaintiff's counsel earlier, ensuring adequate time to discuss the pre-trial motions. Given that, however, the Court notes that Defendant filed their Motion for Partial Summary Judgment and Motion to Exclude by the deadline set by this Court. As such, Defendant's Motion for Extension is **DENIED** as moot. Further, given that Plaintiff's filings indicate that they intend to oppose the pre-trial motions, the Court declines to impose any further meet and confer requirement as to Dkt. ## 34 and 35.

**B. Plaintiff's Request to Strike or, in the Alternative, Amend the Case Schedule**

As a sanction for failing to follow this Court's meet and confer requirements, Plaintiff requests that Defendant's pre-trial motions be stricken, or the trial be continued and the case schedule be amended. Dkt. # 38. Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to grant or deny a motion to strike is vested in the trial court's discretion.

The Court declines to strike Defendant's Motion for Partial Summary Judgment, Dkt. # 34, and Motion to Exclude Certain Opinions of Plaintiff's Expert, Dkt. #35. Requests to strike are "disfavored and ordinarily will not be granted absent prejudice to one of the parties or a showing that the matter has no logical connection to the controversy." *Davy v. Cross Cultural Commc'ns, Inc.*, Case No. C22-5938-JCC, 2023 WL 1798072, at * 1 (W.D. Wash. Feb. 7, 2023). Defendant's actions, while dilatory, do not warrant striking their pre-trial motions, especially because to do so would run counter

ORDER – 4

to the "strong policy favoring resolution on the merits," *Chao Chen v. Geo Group, Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018), and would prevent this court from potentially streamlining the issues in this case prior to trial.

The Court further declines to reset the amended case schedule and continue the trial. The Court may modify the case schedule for good cause, Fed. R. Civ. P. 16(b)(4), and the decision to modify a case schedule is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The good cause analysis "primarily considers the diligence of the party seeking amendment." *Espinoza v. City of Seattle*, No. C17-1709JLR, 2019 WL 5079950, at *5 (W.D. Wash. October 9, 2019) (quoting *Johnson*, 975 F.2d at 608).

Here, a requested two-day extension (which ultimately did not come to pass, as Defendant filed the pre-trial motions by the deadline on May 9) does not constitute good cause to modify the case schedule and continue the trial date, given that this case was removed to federal court in August 2021 and the trial date set in November 2022. *See* Dkt. # 25. And while Plaintiff notes that "deadlines remain operational" until the Court has ruled on a motion to extend, Plaintiff has apparently failed to follow this directive. At present, Plaintiff has not filed a substantive response to either the Motion for Partial Summary Judgment (noted for June 1) and Motion to Exclude (noted for May 26), seemingly waiting on a decision on Defendant's now-moot Motion for Extension. In fact, our Local Rules require that parties "not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." LCR 7(j). Plaintiff failed to do so. Therefore, the Court will re-note both the Motion for Partial Summary Judgment (Dkt. # 34) and Motion to Exclude (Dkt. # 35) to Friday, **June 16, 2023**. Plaintiff is ordered to file responses, if any, to these motions by Friday, **June 9, 2023**. Otherwise, the Court's case schedule and deadlines will remain unchanged.  Both parties are warned that further dilatory actions not in compliance with this Court's rules may result in sanctions.

ORDER – 5

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Extend Filing Deadlines (Dkt. # 32) is **DENIED** as moot. Plaintiff's request to strike Dkt. ## 34 and 35, or amend the case schedule and continue the trial, is **DENIED**. Defendant's Motion for Partial Summary Judgment (Dkt. # 34) and Motion to Exclude Certain Opinions of Plaintiff's Expert (Dkt. # 35) are re-noted to **Friday, June 16, 2023.** Plaintiff is ordered to file responses to these motions, if any, by **Friday, June 9, 2023.**

DATED this 1st day of June, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6